IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUN - 2 2000

Michael N. Milby, Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § § | CIVIL ACTION NO. CA-00-125 |
| v. § § | |
| NATIONWIDE HOUSING SYSTEMS, INC., § § § | |
| Defendant. § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Nationwide Housing Systems, Inc. ("Nationwide"), Defendant in the above-entitled and numbered cause, and files this its Original Answer to Plaintiff's Complaint and Jury Trial Demand (the "Complaint"), respectfully stating as follows:

### NATURE OF ACTION

In response to the unnumbered paragraph immediately preceding Paragraph 1 of the Complaint, to the extent necessary, Nationwide denies the allegations therein and denies that Plaintiff is entitled to any of the relief sought in this action.

### JURISDICTION AND VENUE

1. Nationwide admits that Plaintiff purports to bring a cause of action pursuant to the statutory provisions cited in Paragraph 1 of the Complaint, but Nationwide denies that this suit is properly authorized or maintainable against it under any of the statutory provisions cited by Plaintiff.

DEFENDANT'S ORIGINAL ANSWER - Page 1

2. Nationwide admits that the conduct upon which Plaintiff's claims are based allegedly occurred within the geographic jurisdiction of the Court.

## PARTIES

3. Nationwide admits that Plaintiff purports to bring this action pursuant to the statutory provisions cited in Paragraph 3 of the Complaint but denies that this suit is properly authorized or maintainable against it under any of the statutory provisions cited by Plaintiff.

4. Nationwide admits that, during the period relevant to Plaintiff's claim, it was a Texas corporation with operations in the State of Texas and that it employed at least 20 employees. Except as specifically admitted herein, Nationwide denies the allegations in Paragraph 4 of the Complaint.

5. Nationwide admits that it is engaged in an industry affecting commerce within the meaning of the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

## CONCILIATION

6. Nationwide admits that the parties engaged in conciliation efforts but denies that it engaged in any unlawful employment practices.

## STATEMENT OF CLAIMS

7. Nationwide denies the allegations in Paragraph 7 of the Complaint.

8. Nationwide denies the allegations in Paragraph 8 of the Complaint.

DEFENDANT'S ORIGINAL ANSWER - Page 2

9. Nationwide denies the allegations in Paragraph 9 of the Complaint.

10. Except as expressly admitted above, Nationwide denies each and every allegation in the Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

Nationwide denies that Plaintiff is entitled to any of the relief sought under Paragraphs A-F of its Prayer for Relief.

## JURY TRIAL DEMAND

Plaintiff's demand for a jury trial requires no response by Nationwide.

## FIRST AFFIRMATIVE DEFENSES

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or administrative filing deadlines.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because James Stovall was not qualified for the position of General Manager.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because each action taken or

DEFENDANT'S ORIGINAL ANSWER - Page 3

decision made by Nationwide in relation to James Stovall was done to serve and in furtherance of legitimate, non-discriminatory business purposes and/or, if an improper motive played a part in any action taken or decision made by Nationwide in relation to Plaintiff, the same action or decision would have been taken or made without regard to such motive.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because James Stovall has failed to adequately mitigate damages as required by law.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because Nationwide's actions were not willful within the meaning of the ADEA.

WHEREFORE, PREMISES CONSIDERED, Defendant Nationwide Housing Systems, Inc. prays that Plaintiff take nothing upon final hearing or trial hereof; that this suit be dismissed on the merits with prejudice to the refiling of same; and that Nationwide be awarded its attorneys' fees and costs of court, together with such other and further relief, whether general or special, at law or in equity, to which it may be justly entitled.

DEFENDANT'S ORIGINAL ANSWER - Page 4

Respectfully submitted,

By: _William O. Ashcraft, with permission ama_
William O. Ashcraft, Esq.
Attorney-in-Charge
Texas Bar No. 01372800
Southern District of Texas No. 11654
Anita M. Alessandra, Esq.
Texas Bar No. 00988000
Southern District of Texas No. 13936

ASHCRAFT LAW FIRM
8750 N. Central Expressway
Suite 1070
Dallas, Texas 75231
Telephone: (214) 987-0660
Facsimile: (214) 987-3847

ATTORNEYS FOR DEFENDANT
NATIONWIDE HOUSING SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Original Answer was served by certified mail, return receipt requested, upon counsel of record for Plaintiff on this 1st day of June 2000, as follows:

R. Chris Pittard, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555

_Anita Alessandra_
Anita M. Alessandra

DEFENDANT'S ORIGINAL ANSWER - Page 5