IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUN - 2 2000

Michael N. Milby, Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § | |
| § | Civil Action No. CA-00-125 |
| v. § | |
| § | |
| NATIONWIDE HOUSING SYSTEMS, INC. § | |
| Defendant § | |

**PLAINTIFF'S MOTION FOR REINSTATEMENT**

COMES NOW Plaintiff, Equal Employment Opportunity Commission (hereinafter "EEOC") and files this Motion for Reinstatement. In support of its Motion, Plaintiff EEOC would show the Court as follows:

### I. BACKGROUND

1.  On March 27, 2000, the EEOC filed its Original Complaint alleging that Defendant Nationwide Housing Systems, Inc. (hereinafter "Nationwide") had engaged in unlawful discriminatory practices under the Age Discrimination in Employment Act. On March 27, 2000, the Court issued its Order for Conference and Disclosure of Interested Parties and Scheduling Order which ordered the parties to appear before the Court on May 24, 2000, at 1:15 p.m. for an initial pretrial and scheduling conference. The Order also required both parties to meet and submit a joint discovery/case management plan 10 days prior to the initial pretrial and scheduling conference. In this case, the joint discovery/case management plan would have been due on May 14, 2000.

2.  On April 3, 2000, the EEOC sent a Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons to Defendant's registered agent for service

9.

of process. The Waiver of Service Summons was duly returned to the EEOC on May 2, 2000, signed by Anita Alessandra, Attorney for Defendant. The Waiver of Service Summons allowed Defendant an additional 30 days to file its Answer with the Court. Defendant Nationwide's Answer is due to the Court on June 1, 2000. On May 8, 2000, Plaintiff EEOC filed its Certificate of Plaintiff Regarding Financial Interest.

3. Customarily, the EEOC informs the Court of the fact that the Defendant's deadline for filing its Answer is later than the date for the initial pretrial and scheduling conference and the Court customarily reschedules the initial pretrial and scheduling conference to a date to give Defendant time to file its Answer and for the two parties to confer and file their Rule 26(f) Joint Discovery/Case Management Plan.

4. In this case, counsel for the EEOC was under the impression that the Court had been informed and consequently, did not appear for the May 24, 2000, initial pretrial and scheduling conference. However, it is apparent the EEOC failed to inform the Court that Defendant was not required to file its Answer until June 1, 2000, and that the initial pretrial and scheduling conference needed to be rescheduled.

5. As a result of the EEOC's failure to appear, the Court issued its Order and Final Judgment dismissing the case for want of prosecution on May 26, 2000.

## II. ARGUMENT AND AUTHORITIES

6. The Court has the inherent authority under Rule 41(b), F.R.C.P., to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice. *Gonzalez v. Firestone & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). In a dismissal *sua sponte*, plaintiff can seek reinstatement of the dismissal. *Bierman v.*

*Tampa Electric Company*, 604 F.2d 929, 930 (5th Cir. 1979). The Fifth Circuit has consistently held that a dismissal with prejudice is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists." *Gonzalez*, 610 F.2d at 247. In *Silas v. Sears, Roebuck & Company, Inc.*, plaintiff's counsel failed to appear at a pretrial conference and failed to reply to interrogatories served by defendant. The district court dismissed the case just over four months after it had been filed. *Silas v. Sears, Roebuck & Company, Inc.*, 586 F.2d 382, 385 (5th Cir. 1978). The Fifth Circuit held that those circumstances were not indicative of a "clear record of delay" or "contumacious conduct by the plaintiff" to warrant dismissal by the district court. *Id.* at 385-86. The court further held that dismissal in that instance was not required to do justice to the defendant, who had made no claim that its rights had been prejudiced, nor was the dismissal required to administer justice expeditiously. *Id.* at 386.

7. The facts in the case before this Court do not establish a "clear record of delay or contumacious conduct by the Plaintiff," and are not as egregious as the facts in *Silas*. The Complaint was only filed 66 days ago and the Defendant has not yet answered the lawsuit. There is nothing Plaintiff can do to further the prosecution of this lawsuit until after Defendant files its Answer. There has not been time to develop a "clear record of delay or contumacious conduct by the Plaintiff" as those terms are interpreted by the Fifth Circuit. Plaintiff's failure to appear for the initial pretrial and scheduling conference was the result of an administrative error. There was no intent by Plaintiff's counsel to delay or in some manner interfere with the administration of the Court's docket.

### III. CONCLUSION

8. Defendant was not in anyway prejudiced by Plaintiff's non-appearance at the previously scheduled initial pretrial and scheduling conference because Defendant has not yet filed

its Answer and is not a active participant in the lawsuit. Plaintiff EEOC regrets the oversight in not rescheduling the initial pretrial and scheduling conference and requests that the Court reinstate the above numbered and styled cause of action so that justice can be done.

WHEREFORE PREMISES CONSIDERED, Plaintiff EEOC respectfully requests that this Court withdraw its Order and Final Judgment dismissing *EEOC v. Nationwide Housing Systems, Inc.*, Civil Action No. CA-00-125, and reinstate this cause of action.

        Respectfully submitted,

C. GREGORY STEWART
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT B. HARWIN
Regional Attorney
D.C. State Bar No. 076083

LINDA GUTIERREZ
Supervisory Trial Attorney
Texas State Bar No. 08642750
Southern District No. 14464

R. CHRIS PITTARD
Trial Attorney
Texas State Bar No. 00794465
Southern District No. 23449

Equal Employment Opportunity Commission
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
(210) 281-7636
(210) 281-7669 (fax)

ATTORNEYS FOR PLAINTIFF

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiff's Motion for Reinstatement was mailed via certified mail, return receipt requested, on the <u>1st</u> of June, 2000, as to the following:

| | |
|---|---|
| Anita M. Alessandra<br>Ashcroft Law Firm, P.C.<br>8750 N. Central Expressway, Suite 1070<br>Dallas, Texas 75231<br>Attorneys for Defendant | CMRRR#    Z 390 752 894 |

_R. CHRIS PITTARD_

R. CHRIS PITTARD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, v. NATIONWIDE HOUSING SYSTEMS, INC. Defendant | § § § § § § § § § Civil Action No. CA-00-125 |

## ORDER

ON THIS DAY, came on to be heard Plaintiff's Motion for Reinstatement, and the Court having heard said Motion, is of the opinion and finds that said Motion should be GRANTED.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that Plaintiff's Motion for Reinstatement is GRANTED and the cause of action styled and numbered *Equal Employment Opportunity Commission v. Nationwide Housing Systems, Inc.*, Civil Action No. CA-00-125 is hereby REINSTATED.

SIGNED and ENTERED this _____ day of _____, 2000.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE