United States District Court
Southern District of Texas
FILED

JUN 20 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

EQUAL EMPLOYMENT OPPORTUNITY      §
COMMISSION,                       §
                                  §
                Plaintiff,        §
                                  §        CIVIL ACTION NO.
v.                                §        CA-00-125
                                  §
NATIONWIDE HOUSING SYSTEMS,       §
INC.,                             §
                                  §
                Defendant.        §

DEFENDANT'S EXPEDITED RESPONSE TO
PLAINTIFF'S MOTION FOR REINSTATEMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Nationwide Housing Systems, Inc. ("Nationwide"),
Defendant in the above-entitled and numbered cause, and files this
its Expedited Response to Plaintiff's Motion for Reinstatement,
respectfully stating as follows:

I.

BACKGROUND

On March 27, 2000, Plaintiff filed its Original Complaint
alleging that Nationwide engaged in unlawful conduct under the Age
Discrimination in Employment Act. That same day, the Court issued
its Order for Conference and Disclosure of Interested Parties
("Order for Conference"). Among other things, the Order for
Conference directed the parties to appear before the Court on May
24, 2000 for an initial pretrial and scheduling conference.

Paragraph 6 of the Order for Conference directed counsel for
Plaintiff to serve a copy of the Order on Nationwide with the
summons. On April 3, 2000, Plaintiff served its Notice of
Lawsuit and Request for Waiver of Service of Summons on

Nationwide; however, Plaintiff did not include a copy of the Order for Conference.  <u>See</u> Affidavit of Anita Alessandra ("Alessandra Affidavit"), attached as <u>Exhibit A</u> and incorporated herein by reference, at ¶ 2.

Counsel for Nationwide timely executed the Waiver of Service of Summons (the "Waiver") and returned it to Plaintiff for filing with the Court.  (Alessandra Affidavit, ¶ 3).  Based upon the Waiver, Nationwide was not required to file its answer or other responsive pleading until June 2, 2000. For reasons unknown to Nationwide, Plaintiff did not file the Waiver with the Court until June 1, 2000, after the pretrial conference and after the dismissal of this action.

On May 24, 2000, Plaintiff did not appear for or reschedule the pretrial and scheduling conference.  Because neither Nationwide nor its counsel were served with or informed of the Order for Conference, Nationwide did not appear.  (Alessandra Affidavit, ¶ 4).  Paragraph 10 of the Order of Conference provides that failure to comply with its requirements "may result in sanctions, <u>including dismissal of the action</u> and assessment of fees and costs."  (emphasis added)  Based on Plaintiff's failure to appear, the Court dismissed this action for want of prosecution by Order and Final Judgment dated May 24, 2000.

Thereafter, on June 1, 2000, Plaintiff filed its Motion for Reinstatement requesting that the Court set aside its Final Judgment dismissing this action.  Although Plaintiff was aware of the identity of, and had previously served pleadings on, Nationwide's counsel, Plaintiff did not confer with Nationwide

<u>DEFENDANT'S EXPEDITED RESPONSE TO PLAINTIFF'S MOTION FOR REINSTATEMENT</u> - Page 2

CMPDF - www.fpxiui.com

regarding the merits of its Motion for Reinstatement. (Alessandra Affidavit, ¶ 5). When Nationwide was served with the Motion for Reinstatement, it learned for the first time of the scheduled pretrial conference and the subsequent dismissal. Id.

In the Motion for Reinstatement, which is unaccompanied by evidentiary support, Plaintiff attributes its noncompliance with the Order of Conference to an alleged and unspecified "administrative error." (Motion, ¶ 7). As additional explanation, Plaintiff states only that, "the EEOC was under the impression that the Court had been informed [of Nationwide's delayed answer date]..." (Motion, ¶ 4). For the reasons set forth below, these grounds are insufficient and the Motion for Reinstatement should be denied.

## II.

## ARGUMENT AND AUTHORITIES

A. **Plaintiff's Motion for Reinstatement Should be Deemed a Request for Relief From Judgment Under Rule 60(b)(1).**

Plaintiff's Motion for Reinstatement does not identify the Federal Rule under which relief is sought. Plaintiff vaguely suggests that a party may seek reinstatement following a dismissal *sua sponte*, but fails to elaborate regarding the standard the Court should apply or what Plaintiff must demonstrate to obtain the requested relief. The authority cited by Plaintiff does state, in *dicta*, that a party may seek reinstatement after dismissal *sua sponte*. See Bierman v. Tampa Electric Company, 604 F.2d 929, 930 (5th Cir. 1979). However, that decision does not purport to create a new procedural device. Instead, the court merely made reference to a party's option to

DEFENDANT'S EXPEDITED RESPONSE TO PLAINTIFF'S MOTION FOR REINSTATEMENT - Page 3

seek relief from judgment under Rule 60 rather than pursue a direct appeal. There, the plaintiff directly appealed the dismissal for want of prosecution to the Fifth Circuit.

In the Motion for Reinstatement, Plaintiff argues that it is entitled to relief because its conduct is excusable. Thus, the motion should be considered under Rule 60(b)(1), which provides that a party may seek relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Fifth Circuit has endorsed application of Rule 60 when a party seeks "reinstatement" following dismissal for want of prosecution. See Aucoin v. K-Mart Apparrel Fashion Corporation, 943 F.2d 6 (5th Cir. 1991); Pryor v. U.S. Postal Service, 769 F.2d 281, 285 (5th Cir. 1985).

B.   Plaintiff Has Failed to Establish Exceptional Circumstances That Would Justify Relief From the Final Judgment.

The Court may only grant relief under Rule 60(b)(1) upon a "sufficient showing of unusual or unique circumstances justifying relief." See Pryor, 769 F.2d at 286. "Gross carelessness is not enough" to invoke Rule 60(b)(1), and the rule may not be used to provide an avenue to challenge alleged mistakes of law that should ordinarily be raised by appeal. Id. The movant bears the burden of demonstrating the exceptional circumstances that warrant relief. See Aucoin, 943 F.2d at 8; Pryor v. U.S. Postal Service, 769 F.2d at 287.

Plaintiff in this action has not alleged or demonstrated any exceptional circumstances that would justify relief under Rule 60. Rather, Plaintiff relies only on its carelessness and its contention that the Court committed a mistake of law by imposing

the sanction of dismissal. Neither ground is sufficient; therefore, the Motion for Reinstatement should be denied.

In <u>Pryor</u>, the district court dismissed the plaintiff's complaint after neither he nor his attorney appeared at a scheduled motion conference. The plaintiff then sought relief from the judgment under Rule 60(b)(1). In his motion, plaintiff's counsel claimed that he missed the motion hearing due to scheduling conflicts but submitted no supporting evidence and did not explain why he made no attempt to contact the district court in a timely fashion to inform them of the reason for his absence. <u>See</u> 769 F.2d at 287. The district court denied the plaintiff's Rule 60 motion and the Fifth Circuit affirmed. "Given this history, the absence of compelling or extraordinary circumstances, and our limited scope of review of the denial of Rule 60(b) relief, we are unwilling to reverse the trial court's denial of relief." <u>Id.</u>

Similarly, in <u>Aucoin</u>, the plaintiff's complaint was dismissed after the plaintiff failed to appear at a status conference. In its order setting the status conference, the district court warned that failure to appear "will result in the imposition of appropriate sanctions, including dismissal of the case." 943 F.2d at 7. The order was mailed directly to the plaintiff. Nevertheless, the plaintiff failed to appear and her complaint was dismissed for want of prosecution.

The plaintiff subsequently filed a motion for reinstatement under Rule 60 arguing that she failed to appear because she was unrepresented by counsel. The district court denied relief and the plaintiff appealed. Citing <u>Pryor</u>, the Fifth Circuit refused

<u>DEFENDANT'S EXPEDITED RESPONSE TO PLAINTIFF'S MOTION FOR REINSTATEMENT</u> - Page 5

to reverse the decision of the trial court.  The court emphasized that the plaintiff had been specifically warned that her failure to appear could result in dismissal and held that the plaintiff failed to demonstrate "exceptional circumstances" justifying relief under Rule 60.  _Aucoin_, 943 F.2d at 8.

Applying the holdings from _Pryor_ and _Aucoin_, Plaintiff's Motion for Reinstatement should be denied.  As in _Pryor_, Plaintiff has failed to submit any evidence to support its excuses for failing to abide by the Court's Order for Conference and the only proffered reason, gross carelessness, was expressly rejected as a ground for relief under Rule 60(b)(1).  Likewise, as in _Aucoin_, Plaintiff was expressly put on notice that its failure to appear at the pretrial conference could result in dismissal. Plaintiff's principal argument, that the Court committed legal error, should be addressed by appeal.

WHEREFORE, PREMISES CONSIDERED, Defendant Nationwide Housing Systems, Inc. prays that Plaintiff's Motion for Reinstatement be denied and that it be awarded its attorneys' fees and costs of court, together with such other and further relief, whether general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: _William O. Ashcraft_ (With permission by Anita Alessandra)

William O. Ashcraft, Esq.
Attorney-in-Charge
Texas Bar No. 01372800
Southern District of Texas No. 11654
Anita M. Alessandra, Esq.
Texas Bar No. 00988000
Southern District of Texas No. 13936

ASHCRAFT LAW FIRM
8750 N. Central Expressway
Suite 1070
Dallas, Texas  75231
Telephone: (214) 987-0660
Facsimile: (214) 987-3847

ATTORNEYS FOR DEFENDANT
NATIONWIDE HOUSING SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Expedited Response to Plaintiff's Motion for Reinstatement was served by facsimile and certified mail, return receipt requested, upon counsel of record for Plaintiff on this ____ day of June 2000, as follows:

R. Chris Pittard, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas  78229-3555

_Anita M. Alessandra_

Anita M. Alessandra

A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | CA-00-125 |
| NATIONWIDE HOUSING SYSTEMS, INC., | § § § | |
| Defendant. | § § | |

### AFFIDAVIT OF ANITA M. ALESSANDRA

| | |
|---|---|
| COUNTY OF DALLAS | § |
| | § |
| STATE OF TEXAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Anita M. Alessandra, known to me to be the person whose name is subscribed hereto, and first being duly sworn according to law, upon her oath, did depose and state as follows:

1.    "My name is Anita M. Alessandra.  I am over twenty-one (21) years of age, and I suffer from no legal disabilities.  I have personal knowledge of the matters and facts contained within this Affidavit, and they are true and correct.

2.    "I am an attorney representing Defendant Nationwide Housing Systems, Inc. ("Nationwide") in the above-entitled and numbered action.  On April 3, 2000, Plaintiff served its Notice of Lawsuit and Request for Waiver of Service of Summons (the "Request for Waiver") upon Nationwide.  The Request for Waiver did not include a copy of the Order for Conference and Disclosure of Interested Parties (the "Order for Conference"), nor did

AFFIDAVIT OF ANITA M. ALESSANDRA – Page 1

Plaintiff's counsel subsequently inform me that such an Order had been entered.

3.   "I executed the Waiver on behalf of Nationwide and returned it to counsel for Plaintiff on May 2, 2000.

4.   "I did not appear at the initial pretrial conference on May 24, 2000 because I was not aware that it had been scheduled. Likewise, I did not take any of the other actions under the Order for Conference because I was not aware that they were required.

5.   "Plaintiff's counsel did not confer with me regarding the Motion for Reinstatement in advance of filing it with the Court.  I did not learn of the Order for Conference, the Order of Dismissal, or the Final Judgment until I received a copy of the Motion for Reinstatement."

FURTHER AFFIANT SAYETH NOT.



‾Anita M. Alessandra

SUBSCRIBED AND SWORN TO BEFORE ME, on this the _9th_ day of June 2000, to certify which witness my hand and official seal.

KRISTY A. SPEARS
MY COMMISSION EXPIRES
July 6, 2003

Notary Public in and for the
State of Texas

AFFIDAVIT OF ANITA M. ALESSANDRA - Page 2

 **COPY**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. CA-00-125 |
| NATIONWIDE HOUSING SYSTEMS, INC., | § § § | |
| Defendant. | § § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR REINSTATEMENT

CAME ON TO BE CONSIDERED Plaintiff's Motion For Reinstatement ("Motion") submitted in the above-entitled and numbered cause. The Court, having considered the Motion, the arguments of counsel, and the pleadings and papers on file herein, is of the opinion that the Motion is without merit. It is therefore

ORDERED, ADJUDGED and DECREED that Plaintiff's Motion For Reinstatement is DENIED.

SIGNED on this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR REINSTATEMENT - Solo Page