IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 2 6 2000

Michael N. Milby, Clerk of Court

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § § | 16. |
| vs. § | CIVIL ACTION NO. C-00-125 |
| § | |
| NATIONWIDE HOUSING SYSTEMS, INC. § § | |
| Defendant. § | |

## ORDER

On this day came on to be heard Plaintiff's Motion for Reinstatement. For the reasons discussed herein, the Court GRANTS Plaintiff's Motion. The Court further ORDERS that the Joint Discovery/Case Management Plan is due on or before July 5, 2000.

## I. JURISDICTION

This Court has federal question jurisdiction, 28 U.S.C. § 1331, over this action brought under the Age Discrimination in Employment Act, 29 U.S.C. § 626.

## II. FACTS

On May 24, 2000, this Court attempted to hold the initial pre-trial conference in the above-styled action. Neither party appeared, and the Court dismissed the action for want of prosecution. (Order of Dismissal, D.E. #5). Plaintiff filed a

Motion to Reinstate on June 2, 2000.

## III. DISCUSSION

A motion to reinstate filed within ten days of judgment may be construed as a motion under Fed.R.Civ.P. 59(e). See <u>Lindsey v. U.S. Railroad Retirement Board</u>, 101 F.3d 444 (5th Cir. 1996); <u>Long v. Simmons</u>, 77 F.3d 878, 879 (5th Cir. 1996). There are four grounds upon which a Court may grant such a motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based, (2) the moving party presents new evidence, (3) the motion is necessary to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. <u>Waltman v. International Paper Co.</u>, 875 F.2d 468, 473-74 (5th Cir. 1989).

In this case, Court finds that it was a manifest error of law to dismiss the action with prejudice for want of prosecution. "[A]bsent a convincing record of dilatoriness or contumaciousness, it [is] an abuse of the trial court's discretion to impose the ultimately harsh sanction of dismissal with prejudice, without having first employed lesser sanctions." <u>Silas v. Sears, Roebuck & Company, Inc.</u>, 586 F.2d 382 (5th Cir. 1978); see also <u>Graves v. Kaiser Aluminum & Chem. Co.</u>, 528 F.2d 1360 (5th Cir. 1976). The Court finds that the record does not

show a sufficient degree of dilatoriness or contumaciousness to warrant a dismissal with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Reinstate.

ENTERED on this the ____22nd____ day of April, 2000.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE