United States District Court
Southern District of Texas
FILED
JUL - 6 2000
Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| v. § | CA-00-125 |
| § | |
| NATIONWIDE HOUSING SYSTEMS, INC., § § | |
| Defendant. § | |

### DEFENDANT'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Nationwide Housing Systems, Inc. ("Nationwide"), Defendant in the above-entitled and numbered cause, and files this its Motion for Sanctions and Brief in Support Thereof, respectfully stating as follows:

### I.

### BACKGROUND

On March 27, 2000, Plaintiff filed its Original Complaint alleging that Nationwide engaged in unlawful conduct under the Age Discrimination in Employment Act. On the same day the Court issued its Order for Conference and Disclosure of Interested Parties (the "Order for Conference"). Among other things, the Order for Conference directed the parties to appear before the Court on May 24, 2000 for an initial pretrial and scheduling conference. Paragraph 6 of the Order for Conference also directed counsel for Plaintiff to serve a copy of the Order on Nationwide with the summons.

DEFENDANT'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT THEREOF - Page 1

On May 24, 2000, Plaintiff did not appear for or reschedule the pretrial and scheduling conference. Because neither Nationwide nor its counsel were served with or informed of the Order for Conference, Nationwide did not appear.[1] Paragraph 10 of the Order of Conference provides that noncompliance with its requirements "may result in sanctions, including dismissal of the action and assessment of fees and costs." Based on Plaintiff's failure to appear, the Court dismissed this action with prejudice for want of prosecution by Order and Final Judgment, dated May 24, 2000.

On June 1, 2000, Plaintiff filed its Motion for Reinstatement (the "Motion"), requesting that the Court set aside its Final Judgment. Nationwide filed an expedited response in opposition to the Motion, urging the Court to deny the requested relief. On June 20 and 22, 2000, the Court conducted a hearing on the Motion. The Court indicated that it was inclined to reinstate the case but also inclined to provide relief to Nationwide in the form of recovery of attorney's fees.

On June 22, 2000, the Court granted the Motion and set a hearing on the attorney's fee issue. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Nationwide submits this Motion for Sanctions, respectfully requesting that the Court award Nationwide its attorney's fees and costs incurred in connection

---

[1] See Affidavit of Anita Alessandra submitted in support of Defendant's Expedited Response to Plaintiff's Motion for Reinstatement, at ¶ 2, which is incorporated herein by reference.

DEFENDANT'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT THEREOF - Page 2

with Plaintiff's failure to comply with the Order for Conference, the resulting dismissal of the case, and the subsequent reinstatement process.

## II.

### ARGUMENT AND AUTHORITIES

Rule 16(f) authorizes the imposition of sanctions where a party "fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference...."  The Rule further states that, "[i]n lieu of or in addition to any other sanction, the judge shall require the party...to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees...."  Fed. R. Civ. P. 16(f).  Consistent with these provisions, the Order for Conference issued by this Court specifically provides that failure to comply with its requirements "may result in sanctions, including...<u>assessment of fees and costs</u>." (emphasis added).

Awards of attorney's fees and costs under Rule 16(f) have been made and upheld.  In <u>Gayden v. Galveston County Texas</u>, 178 F.R.D. 134 (S.D. Tex. 1998), the plaintiff's suit was dismissed following the failure of plaintiff or his counsel to appear for a scheduled docket call.  The plaintiff then filed a motion to alter or amend the judgment and urged the district court to reconsider its dismissal.  Upon consideration, the court reinstated the lawsuit but, pursuant to Rule 16(f), required the plaintiff to reimburse the defendant's attorney's fees and costs in the amount of $2,500.00 and pay $5,000.00 as a fine to the

DEFENDANT'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT THEREOF - Page 3

court. Reinstatement was subject to payment of those amounts. See Gayden, 178 F.R.D. at 137-39; see also John v. State of Louisiana, 899 F.2d 1441, 1448 (5th Cir. 1990)(approving award of $11,337.90 in attorney's fees and costs under Rule 16(f) and noting that a showing of prejudice is not required to justify sanctions).

Here, there is no dispute that Plaintiff violated the Court's Order for Conference by failing to provide a copy to Defendant and by failing to appear for the scheduled pretrial conference. Such conduct directly resulted in the dismissal of this action and the subsequent filing of Plaintiff's Motion for Reinstatement. By way of justification, Plaintiff attributed its noncompliance with the Order of Conference to an alleged and unspecified "administrative error" for which no evidentiary support was provided. While the Court reconstrued the basis for and ultimately granted the Motion, Nationwide has, as a result of Plaintiff's errant conduct, incurred attorney's fees and costs in the amount of $4,762.50. See Affidavit of Anita Alessandra, attached as Exhibit A and incorporated herein by reference, at ¶¶ 1-5. As mandated by Rule 16(f) and the Order for Conference, Nationwide seeks reimbursement of this amount from Plaintiff. Such an award would make Nationwide whole and further Rule 16's goal of "encourag[ing] forceful judicial management." John, 899 F.2d at 1448 (citing Advisory Committee on Rules, Notes to 1983 Amendment: Fed. R. Civ. P. 16(a)(2), (4) & (5)).

WHEREFORE, PREMISES CONSIDERED, Defendant Nationwide Housing Systems, Inc. prays that its Motion for Sanctions be in all things granted; that it be awarded its reasonable attorneys' fees

DEFENDANT'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT THEREOF - Page 4

in the amount of $4,762.50 incurred responding to Plaintiff's Motion for Reinstatement; and for such other and further relief, whether general or special, at law or in equity, to which Nationwide may be justly entitled.

Respectfully submitted,

By: *William O. Ashcraft (with permission)*
William O. Ashcraft, Esq.
Attorney-in-Charge
Texas Bar No. 01372800
Southern District of Texas No. 11654
Anita M. Alessandra, Esq.
Texas Bar No. 00988000
Southern District of Texas No. 13936
R. Jeff Worth, Esq.
Texas Bar No. 00795732
(Admitted Pro Hac Vice)

ASHCRAFT LAW FIRM, P.C.
8750 North Central Expressway
Suite 1070
Dallas, Texas  75231
Telephone: (214) 987-0660
Facsimile: (214) 987-3847

Tom M. Harrison, Esq.
Texas Bar No. 09122300
Southern District of Texas No. 1891
Roxana V. Shia, Esq.
Texas Bar No. 00785146
Southern District of Texas No. 15608
HORNBLOWER, MANNING & WARD, P.C.
711 North Carancahua
Suite 1810
Corpus Christi, Texas  78475
Telephone:  (361) 888-8041
Facsimile:  (361) 888-8222

ATTORNEYS FOR DEFENDANT
NATIONWIDE HOUSING SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Motion for Sanctions and Brief in Support Thereof, was served by facsimile and certified mail, return receipt requested, upon counsel of record for Plaintiff on this 5th day of July 2000, as follows:

R. Chris Pittard, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555

_____
Anita M. Alessandra

DEFENDANT'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT THEREOF - Page 6

A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. CA-00-125 |
| v. | § § | |
| NATIONWIDE HOUSING SYSTEMS, INC., | § § § | |
| Defendant. | § | |

<u>AFFIDAVIT OF ANITA M. ALESSANDRA</u>

STATE OF TEXAS     §
                   §
COUNTY OF DALLAS   §

    BEFORE ME, the undersigned authority, on this day personally appeared Anita M. Alessandra, known to me to be the person whose name is subscribed hereto, and after first being duly sworn according to law, upon her oath, did depose and state as follows:

    1.  "My name is Anita M. Alessandra.  I am above twenty-one (21) years of age and am fully competent to testify in this suit. I have personal knowledge of all matters contained in this Affidavit, and all such matters are true and correct.  I make this Affidavit in support of an award of attorneys' fees in the amount of $4,762.50.

    2.  "I am a licensed attorney at the Ashcraft Law Firm, and I represent Defendant Nationwide Housing Systems, Inc. ("Nationwide") in the above-entitled and numbered cause.  Acting in this capacity, I have personal knowledge regarding the rate and amount of attorneys' fees incurred for my firm's legal services in connection with Nationwide's response to Plaintiff's Motion for

<u>AFFIDAVIT OF ANITA M. ALESSANDRA</u> - Page 1

Reinstatement and for representation of Nationwide in the related court proceedings.

3. "The Ashcraft Law Firm has expended 28 hours in connection with its response to Plaintiff's Motion for Reinstatement. The services rendered include: review and analysis of the Motion for Reinstatement; review and analysis of the legal authorities cited by Plaintiff in support of its motion; review and analysis of legal authorities relating to the standard and rules applicable to the Court's review of the motion; preparation of Nationwide's Expedited Response to Plaintiff's Motion for Reinstatement; conferences with Plaintiff's counsel regarding the motion and factual circumstances precipitating the filing of the motion; preparation for and attendance at the hearing on the Motion for Reinstatement; and preparation of Defendant's Motion for Sanctions.

4. "Based upon the hourly rate of the attorneys involved and the number of hours expended, the total amount of attorneys' fees incurred to date by Nationwide for the above-described legal services is $4,762.50. It is my opinion that these fees are customary for the same or similar services for attorneys with my firm's experience, reputation and ability, considering the amount and type of controversy at issue, the time limitations imposed, the results obtained and the nature and length of my firm's relationship with Nationwide.

5. "Accordingly, a total award in favor of Nationwide of $4,762.50 would constitute reasonable and necessary attorneys' fees incurred in connection with Nationwide's response to the Motion for Reinstatement."

AFFIDAVIT OF ANITA M. ALESSANDRA - Page 2

FURTHER AFFIANT SAYETH NOT.

_____
Anita M. Alessandra

SUBSCRIBED AND SWORN TO BEFORE ME on this  5th  day of July 2000, to certify which witness my hand and seal of office.



_____
Notary Public in and for
the State of Texas

My Commission Expires:

7-6-03

AFFIDAVIT OF ANITA M. ALESSANDRA - Page 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | CA-00-125 |
| NATIONWIDE HOUSING SYSTEMS, INC., | § § § | |
| Defendant. | § § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS

CAME ON TO BE CONSIDERED Defendant's Motion for Sanctions ("Motion") submitted in the above-entitled and numbered cause. The Court, having considered the Motion, the arguments of counsel, and the pleadings and papers on file herein, is of the opinion that the Motion is with merit and should be GRANTED. It is therefore

ORDERED, ADJUDGED and DECREED that Defendant's Motion for Sanctions is in all things GRANTED. It is further

ORDERED, ADJUDGED and DECREED that Plaintiff shall pay to Nationwide Housing Systems, Inc. monetary sanctions in the amount of $_____ within thirty (30) days of the date of this Order, for which let execution issue.

SIGNED on this \_\_\_\_\_ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS - Solo Page