IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § | |
| § | Civil Action No. CA-00-125 |
| v. § | |
| § | |
| NATIONWIDE HOUSING SYSTEMS, INC. § | |
| Defendant § | |

United States District Court
Southern District of Texas
FILED

JUN - 6 2000

MICHAEL N. MILBY
CLERK

United States District Court
Southern District of Texas
FILED

JUL - 6 2000

MICHAEL N. MILBY
CLERK

## PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS

COMES NOW Plaintiff, Equal Employment Opportunity Commission (hereinafter "EEOC") and files this Amended Response to Defendant's Motion for Sanctions. In support of its Amended Response, Plaintiff EEOC would show the Court as follows:

### I. BACKGROUND

1.   On March 27, 2000, the EEOC filed its Original Complaint alleging that Defendant Nationwide Housing Systems, Inc. (hereinafter "Nationwide") had engaged in unlawful discriminatory practices under the Age Discrimination in Employment Act. On March 27, 2000, the Court issued its Order for Conference and Disclosure of Interested Parties and Scheduling Order which ordered the parties to appear before the Court on May 24, 2000, at 1:15 p.m. for an initial pretrial and scheduling conference. The Order also required both parties to meet and submit a joint discovery/case management plan 10 days prior to the initial pretrial and scheduling conference. In this case, the joint discovery/case management plan would have been due on May 14, 2000.

2.   On April 3, 2000, the EEOC sent a Notice of Lawsuit and Request for Waiver of

Service of Summons and Waiver of Service of Summons to Defendant's registered agent for service of process. The Waiver of Service of Summons was returned to the EEOC by facsimile on May 2, 2000, signed by Anita Alessandra, Attorney for Defendant. The Waiver of Service of Summons allowed Defendant an additional 30 days to file its Answer with the Court. Defendant Nationwide's Answer was due to the Court on June 1, 2000. On May 8, 2000, Plaintiff EEOC filed its Certificate of Plaintiff Regarding Financial Interest.

3. On May 24, 2000, the Court issued its Order and Final Judgment dismissing the above-numbered and styled cause of action for want of prosecution because of the failure of either party to appear for the initial pre-trial and scheduling conference. On June 1, 2000, the EEOC filed its Motion for Reinstatement requesting the Court set aside its Judgment. Defendant Nationwide filed its Response to the Motion on June 20, 2000. The Court conducted a hearing on the Motion on June 20 and June 22, 2000. On June 22, 2000, the Court granted the Motion and reinstated the above-numbered and styled cause of action. Furthermore, the Court rescheduled the initial pre-trial and scheduling conference for 1:15 p.m., July 6, 2000, and informed both parties that the issue of awarding attorney's fees pursuant to Rule 16 would be addressed.

4. Defendant filed its Motion for Sanctions on July 6, 2000, pursuant to Rule 16 and has requested attorney's fees in the amount of $4,762.50. The EEOC's position is that it should not have to pay attorney's fees or costs based on the circumstances before the Court.

## II. ARGUMENT AND AUTHORITIES

5. Rule 16(f) authorizes the imposition of sanctions where a party "fails to obey a scheduling order or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference..." The Rule further states that, "In lieu of or in addition to any other sanction,

the judge shall require the party...to pay reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, *unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.*" [italics added] Fed. R. Civ. R. 16(f).

6. Defendant requests attorney's fees for its work in responding to Plaintiff's Motion for Reinstatement pursuant to Rule 16(f). Pursuant to Rule 16(f), such an award of attorney's fees is unjustified. First, Defendant was not prejudiced by Plaintiff's non-appearance at the May 24, 2000, initial pre-trial and scheduling conference and did not incur any costs in association with Plaintiff's non-appearance. Second, the costs that Defendant did incur were in response to Plaintiff's Motion for Reinstatement and subsequent hearing, a Motion for which Defendant was not required to respond. This Court found merit in Plaintiff's Motion and Defendant did not prevail. Consequently, Defendant should not be awarded attorney's fees.

7. In support of its Motion for Sanctions, Defendant cites *Gayden v. Galveston County Texas*, 178 F.R.D. 134 (S.D. Tex. 1998) and *John v. State of Louisiana*, 828 F.2d 1129 (5th Cir. 1987), as examples of a court awarding attorney's fees and costs under Rule 16(f). In *Gayden*, the conduct of plaintiff's counsel was so egregious as to warrant the court's issuance of a conditional grant of Plaintiff's Motion to Alter or Amend the Substance of the Judgment pending the payment by plaintiff's counsel of a fine and Defendant's expenses and attorney's fees. *Id.* at 135. Furthermore, the court informed plaintiff's counsel that failure to abide by these sanctions would be treated as an act of criminal contempt and could result in incarceration. *Id.* at 139. The court in *Gayden* described plaintiff's counsel's conduct as showing a "clear record of delay, contumacious conduct, incompetence, bad faith," and that her attempt to blame the Magistrate Judge for her failure

3

to appear as "cowardly and inexcusable," and showed a "complete disrespect for both the Magistrate Judge and this Court." *Id.* at 137-38. However, rather than punish the plaintiff for the conduct of his counsel, the court looked at the totality of the circumstances and decided the better course of action was to fine plaintiff's counsel $5,000, and require payment of Defendant's reasonable costs and attorney's fees in the amount of $2,500. *Id.* at 138-39. The court further justified its actions by stating that such a sanction was warranted because of plaintiff's counsel's adamant refusal to take responsibility for her actions and her other conduct in the case. *Id.* at 139. In *John*, the court also cited plaintiff's counsel for his dilatory conduct and approved the sanction of attorney's fees based on that conduct over a five-year period. *John*, 828 F.2d at 1130, 1132.

8. The conduct of Plaintiff's counsel in the case before this Court does not rise to the level of the conduct of plaintiff's counsel as described in *Gayden* or in *John*. As stated in Plaintiff's Motion for Reinstatement, there was an administrative error on the part of the EEOC which resulted in Plaintiff's counsel's non-appearance at the May 24, 2000, initial pre-trial and scheduling conference. In its Order entered on June 26, 2000, the Court found that Plaintiff's counsel's conduct did not show a sufficient degree of dilatoriness or contumaciousness to warrant a dismissal with prejudice and that it was a manifest error of law to dismiss the action with prejudice for want of prosecution.

9. Defendant requests attorney's fees for its work in response to Plaintiff's Motion for Reinstatement which was filed in response to the Court's Order dismissing the lawsuit for want of prosecution which was a result of Plaintiff's counsel's non-appearance at the initial pre-trial and scheduling conference which should have been rescheduled but for Plaintiff's administrative error. In this case, there were errors compounded by other errors. There was no intent on the part of

4

Plaintiff not to comply with the Court's Order of Conference, nor was there any intent to delay or otherwise cause problems with the Court's docket. The conduct of Plaintiff's counsel in this situation clearly does not warrant any sanctions in the form of reasonable expenses and attorney's fees awarded to Defendant.

## III. CONCLUSION

10. An award of attorney's fees and other costs against Plaintiff based on the facts in this case would be unjust. Defendant Nationwide did not incur any costs because of Plaintiff's non-appearance at the initial pre-trial and scheduling conference, and did not prevail in the subsequent hearing on the Motion for Reinstatement. Additionally, the facts in this case do not reflect the "totality of circumstances" and egregiousness of conduct by Plaintiff's counsel as expressed by the *Gayden* or *John* courts which warrants the granting of attorneys' fees and other costs to Defendant.

WHEREFORE PREMISES CONSIDERED, Plaintiff EEOC respectfully requests that this Court deny Defendant's Motion for Sanctions.

Respectfully submitted,

C. GREGORY STEWART
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT B. HARWIN
Regional Attorney
D.C. State Bar No. 076083

LINDA GUTIERREZ
Supervisory Trial Attorney
Texas State Bar No. 08642750
Southern District No. 14464

5

_[signature]_
R. CHRIS PITTARD
Trial Attorney
Texas State Bar No. 00794465
Southern District No. 23449

Equal Employment Opportunity Commission
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
(210) 281-7636
(210) 281-7669 (fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was hand-delivered on the <u>6th</u> of July, 2000, to Defendant's counsel, Anita M. Alessandra, Ashcraft Law Firm, P.C., 8750 N. Central Expressway, Suite 1070, Dallas, Texas 75231, telephonic facsimile (214) 987-3847.

_[signature]_
R. CHRIS PITTARD

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiff,<br><br>v.<br><br>NATIONWIDE HOUSING SYSTEMS, INC.<br>　　　　Defendant | §<br>§<br>§<br>§　Civil Action No. CA-00-125<br>§<br>§<br>§<br>§ |

## **ORDER**

ON THIS DAY, came on to be heard Defendant's Motion for Sanctions, and the Court having heard said Motion, is of the opinion and finds that said Motion should be DENIED.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that Defendant's Motion for Sanctions is DENIED.

SIGNED and ENTERED this _____ day of _____, 2000.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE