IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. CA-00-125 ) |
| NATIONWIDE HOUSING SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) ) |

United States District Court
Southern District of Texas
FILED

JUL 17 2000

MICHAEL N. MILBY, CLERK

## **PLAINTIFF'S RULE 26(a) DISCLOSURES**

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, the Equal Employment Opportunity Commission ("EEOC"), Plaintiff in the above-referenced action, makes the following disclosures concerning the identity of fact witnesses, its intent not to select or retain an expert witness, damage computations and, subject to the objections asserted herein, the production of non-privileged documents.

A. **Individuals Likely to Have Discoverable Information Relevant to the Facts Concerning and Relating to this Action:**

1. James W. Stovall; Mr. Stovall's address is Rt. 7, Box 860, Livingston, Texas 77351. His phone number is (936)639-9388. The EEOC believes Mr. Stovall has knowledge concerning the manner in which he was discriminated against by Nationwide Housing Systems, Inc. (hereinafter "Nationwide"). He was forced to quit his job after being denied the opportunity for a promotion to a general manager position because of his age.

2. Cheri Cleveland; Ms. Cleveland's is a former Nationwide employee. Her phone number is (512)884-2467. The EEOC believes that Ms. Cleveland has information that is relevant to the claims and allegations asserted in this lawsuit.

3. Michael Finch; Mr. Finch's is a former Nationwide employee. His phone number is (512)992-1534. The EEOC believes that Mr. Finch has information that is relevant to the claims and allegations asserted in this lawsuit.

4. Billie Rolando; Mr. Rolando's is a current or former Nationwide employee. The EEOC believes that Mr. Rolando has information that is relevant to the claims and allegations asserted in this lawsuit.

5. Nathan Daniel Rudd; Mr. Rudd's address is 6127 Saddler Lane, Austin, Texas 78724. His phone number is (512)928-4900. Mr. Rudd is a current Nationwide employee. The EEOC believes that Mr. Rudd has information that is relevant to the claims and allegations asserted in this lawsuit.

6. Chet Kearney; Mr. Keary's is a current Nationwide employee. The EEOC believes that Mr. Keary has information that is relevant to the claims and allegations asserted in this lawsuit.

7. Albert Orta; Mr. Orta's is a current or former Nationwide employee. His phone number is (512)855-7521. The EEOC believes that Mr. Rolando has information that is relevant to the claims and allegations asserted in this lawsuit.

8. Russell Montgomery; Mr. Montgomery's is a former Nationwide employee. His phone number is (512)993-1914. The EEOC believes that Mr. Rolando has information that is relevant to the claims and allegations asserted in this lawsuit.

2

**B.     Intent Not to Select or Retain an Expert Witness:**

The EEOC does not intend to select or retain an expert witness to testify during the trial of this case. In the event that Defendant retains an expert witness to testify at trial, the EEOC will determine if a rebuttal expert is necessary. If so, the EEOC will supplement these disclosures to identify such expert and provide all information required under the Local Rules and the Federal Rules of Civil Procedure.

**C.     Damages Computations:**

The following identifies and approximates the type and extent of damages sought to be recovered for James W. Stovall:

    a.   Front pay in the appropriate amount of $12,000.00, Interest, as allowed by law, will continue to accrue; and

    b.   Liquidated damages in amount of $12,000.00.

## GENERAL OBJECTIONS

**1.     Attorney-Client/Work Product Doctrine**

The EEOC has not produced those documents reflecting communications between the Legal Unit of the EEOC and the Enforcement Unit of the EEOC which reflects and/or contain information which is privileged under the attorney-client privilege and/or those documents protected from disclosure pursuant to the attorney work-product doctrine. Any supplementation to these disclosures will be made subject to and without waiving these privileges. The following briefly describes the document falling within this privilege and have been withheld because they fall within these privileges:

3

   a. Litigation Recommendation dated March 9, 2000; Cause Review dated October 29, 1998-Documents which describe the evidence and legal analysis of the evidence and recommendation as to litigation, pages 1-7;

   b. Legal opinion on possible damages dated December 21, 1999- document which reflects reviewing attorney's opinion of possible damages, pages 32-33;

   c. Supplemental LOD Review dated November 30, 1999 - document reflects reviewing attorney's opinion of evidence and how that evidence supports the Letter of Determination, pages 51-52; and

   d. A1-Assessment/Litigation assessment dated October 7, 1998-a two page document which reflects the reviewing attorney's opinion of the litigation potential of the case, pages 56-57.

2. **Deliberative Thought Process Doctrine/Privilege:**

Those documents which reflect the deliberative thought process of the EEOC in processing the Charges, which are related to the claims and causes of action which are the subject suit, have not been produced. Any supplementation to these disclosures will be made subject to and with it waiving this privilege. The following briefly describes the document falling within this privilege and have been withheld because they fall within these privileges:

   a. Litigation Recommendation dated March 9, 2000; Cause Review dated October 29, 1998-Documents which describe the evidence and legal analysis of the evidence and recommendation as to litigation, pages 1-7;

   b. Legal opinion on possible damages dated December 21, 1999 - document which reflects reviewing attorney's opinion of possible damages, pages 32-33;

4

c.  Case file transmittal dated December 7, 1999 - redacted portions deals with internal processing of case, page 48;

d.  Supplemental LOD Review dated November 30, 1999 - document reflects reviewing attorney's opinion of evidence and how that evidence supports the Letter of Determination, pages 51-52;

e.  A1-Assessment/Litigation assessment dated October 7, 1998-a two page document which reflects the reviewing attorney's opinion of the litigation potential of the case, pages 56-57; and

f.  Investigator notes on investigative strategy (no date) - this document reflects the thoughts of the investigator and the process of mapping out the course of the investigation, page 315.

**3.  Response:**

Subject to these objections, the EEOC is enclosing a copy of all non-privileged documents related to the Charge file by James W. Stovall, including a copy of all documents that Nationwide produced to the EEOC during its investigation of the Charge.

Respectfully submitted,

_____
R. CHRIS PITTARD
Trial Attorney
Texas State Bar No.00794465

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Antonio District Office

5

5410 Fredericksburg Road
Suite 200
San Antonio, Texas 78229-3555
(210) 281-7636
(210) 281-7669 (fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiff's Rule 26(a) Disclosures was mailed via certified mail, return receipt requested, on the 14th of July, 2000, as to the following: Anita M. Alessandra, Ashcraft Law Firm, P.C., 8750 North Central Expressway, Suite 1070, Dallas, Texas 75231.

R. CHRIS PITTARD

6