United States District Court
Southern District of Texas
ENTERED

AUG 2 8 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § | 33. |
| § | |
| vs. § | CIVIL ACTION NO. C-00-125 |
| § | |
| NATIONWIDE HOUSING SYSTEMS, INC. § | |
| § | |
| Defendant. § | |

## ORDER

On this day came on for consideration Defendant's Motion for Sanctions in the above-styled matter. Pursuant to Fed.R.Civ.P. 16(f), the Court GRANTS Defendant's Motion.

### I. JURISDICTION

The Court has federal question jurisdiction, 28 U.S.C. § 1331, over this claim brought under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621 *et seq*.

### II. FACTS

Plaintiff filed its complaint on March 27, 2000. On the same day, the Court issued its Order for Conference and Disclosure of Interested Parties, (D.E. #2), wherein the Court ordered the Plaintiff to appear for an initial pretrial and scheduling conference on May 24, 2000. (Order for Conference at ¶ 1). The Order also required Plaintiff to "serve a copy of this

order with the summons and complaint or with the notice of removal." Id. at ¶ 6.

Plaintiff did not appear for the May 24, 2000 conference. Plaintiff failed to serve Defendant with the Order for Conference. Although Plaintiff's counsel alleged, at a hearing on July 6, 2000, that he had believed that a member of Plaintiff's office had contacted the clerk to determine if the hearing could be postponed, the hearing was not postponed. Following the failure of either party to appear at the scheduling conference, and pursuant to Fed.R.Civ.P. 41(b), the Court dismissed the action, with prejudice, for failure to prosecute. (D.E. #5).

On June 2, 2000, Plaintiff filed its Motion for Reinstatement. Defendant prepared and filed a response opposing that motion on June 20, 2000. The Court held hearings on the motion on June 20 and June 22, 2000. At the June 22, 2000, hearing (conducted via telephone) the Court granted Plaintiff's Motion to Reinstate, construing it as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). See Order of July 22, 2000 (D.E. #16).

On July 6, 2000, the parties appeared for the initial pretrial conference. Also on July 6, 2000, Defendant filed a

2

Motion for Sanctions pursuant to Fed.R.Civ.P. 16(f). Defendant seeks to recover the costs it incurred due to Plaintiff's failure to serve the Order for Conference. Plaintiff filed its response to the Motion for Sanctions on the same day. The Court heard arguments and accepted evidence regarding the motion for sanctions during the July 6, 2000 hearing. At the conclusion of argument, the Court orally granted the motion for sanctions.

## III. DISCUSSION

The Civil Rules endow the trial judge with formidable case-management authority. Rushing v. Kansas City Southern Ry. Co., 185 F.3d 496, 508 (5th Cir. 1999) (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998)). Part of the authority includes establishing a case-management schedule that the court enters as an order, and a party who ignores any case-management deadline does so at his own peril. Id. It is the practice of this Court to issue an "Order for Conference and Disclosure of Interested Parties" at the time an action is filed or removed; included in the order is a setting for an initial pretrial and scheduling conference. Plaintiff failed to comply with the order by both (a) failing to appear at the initial pretrial conference on May 24, 2000, and (b) failing to supply a copy of the order to Defendant when Defendant was served with a

3

copy of the complaint. Plaintiff's failure to supply Defendant with a copy of the order deprived Defendant of the opportunity to appear at the May 24, 2000 scheduling conference.

Fed.R.Civ.P. 16(f) provides that if "a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, the judge . . . . may make such orders with regard thereto as are just. In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." With regard to sanctions other than dismissal with prejudice, "Rule 16(f) gives the trial court wide authority to impose effective sanctions, including attorneys fees." <u>John v. State of Louisiana</u>, 899 F.2d 1441, 1448 (5th Cir. 1990); <u>see also</u> <u>Marshall v. Segona</u>, 621 F.2d 763, 767 (5th Cir.1980); <u>Emerick v. Fenick Industries, Inc.</u>, 539 F.2d 1379, 1381 (5th Cir.1976).

To sustain sanctions under Rule 16(f), an order must be unambiguous and clearly mandatory. <u>Ashlodge, Ltd. v. Hauser</u>, 163

4

F.3d 681, 683-684 (2nd Cir. 1998). The Order for Conference unambiguously stated that counsel "shall appear" for the initial pretrial and scheduling conference on May 24, 2000. (Order for Conference at ¶ 1). In addition, the order unambiguously stated that "Counsel who file or remove an action must serve a copy of this order with the summons and complaint or with the notice of removal." (Order for Conference at ¶ 6). The order is clearly mandatory, and counsel for Plaintiff does not dispute that Plaintiff received a copy of the order when it filed the action.

During the hearings related to the Motion to Reinstate, Plaintiff's counsel represented to the Court that the EEOC's policy was to provide the Order for Conference to defendants only after an answer had been filed in the suit. This policy directly contravenes this Court's Order for Conference and subverts Plaintiff's own characterization of its failure as an "administrative error." Plaintiff's counsel failed to offer any justification for following an internal policy that directly contravened the express order of the Court.

In any case, Plaintiff's attribution of its failure to comply with paragraphs 1 and 6 of the Order for Conference to "an administrative error," if true, would not shield Plaintiff from sanctions. Sanctions may be imposed even where the failure to

5

comply with an order is inadvertent and attributable to mere negligence. *See* Fautek v. Montgomery Ward & Co., Inc., 96 F.R.D. 141 (N.D. Ill. 1982) (regarding sanctions under Fed. R. Civ. P. 37(4)); *see also* Harrell v. United States, 117 F.R.D. 86, 88 (E.D.N.C. 1987) (magistrate's order, ruling that "[i]mproper motive, bad-faith, even reckless behavior, is not a prerequisite for finding a violation" of Rule 16(f)). While the Court agrees that the Plaintiff's behavior does not rise to the egregious level described in some of the cases cited above or in Defendant's motion, *see* John v. State of Louisiana, *supra,* and Gayden v. Galveston County, Texas, 178 F.R.D. 134 (S.D. Tex. 1998), this fact merely mitigates the severity of the sanction to be imposed.

Plaintiff also argues that "Defendant was not prejudiced by Plaintiff's non-appearance at the May 24, 2000, initial pretrial and scheduling conference." (Defendant's Amended Response at ¶ 6). Plaintiff contends that Defendant was not required to respond to Plaintiff's Motion to Reinstate, and that Plaintiff prevailed on the motion, as reasons that sanctions are not "justified" under Rule 16(f). Rule 16(f) does not require a showing of prejudice in order to justify sanctions. John v.

6

State of Louisiana, 899 F.2d 1441, 1448 (5th Cir. 1990). Moreover, the sanctions contemplated by the Court - compensation for Defendant's expenses - are mandated by Rule 16(f), and it is the person who fails to comply with the order who must show that the failure is "substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f). Plaintiff has made no such showing. In any case, Defendant was prejudiced, in that it incurred expenses when its counsel responded to the motion for reinstatement and appeared at the hearing on that motion. Plaintiff has offered no authority for the proposition that an award of fees and expenses are appropriate only where they are incurred by an opposing party for undertaking a compulsory act. Finally, the Plaintiff's organizational lapse unnecessarily deprived the Court of an opportunity to aid in settlement negotiations before significant costs were incurred by the parties. See Gayden v. Galveston County, Texas, 178 F.R.D. at 135 (noting that failure to appear "utterly frustrat[ed]" the court's settlement efforts).

## IV. CONCLUSION

The Court finds that Plaintiff's failure to comply with the Order for Conference was not substantially justified. Defendant's Motion for Sanctions is therefore GRANTED. The

7

ClibPDF - www.fastio.com

affidavit testimony of defense counsel Anita M. Alessandra was attested to the fairness and reasonableness of the attorney's fees incurred by Defendant resulting from Plaintiff's failure to comply with the Court's order. (See Alessandra Affidavit, Ex. A to Defendant's Motion for Sanctions). The Court FINDS that seven hundred fifty dollars ($750) is a reasonable attorney's fee. Therefore, pursuant to Fed.R.Civ.P. 16(f), the Court ORDERS Plaintiff EEOC to pay to Defendant the sum of seven hundred fifty dollars ($750). Plaintiff is to pay this amount no later than thirty days after the date of entry of this order.

ENTERED on this the _____ day of August, 2000.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

8