IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

OCT 25 2000

Michael N. Milby, Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE HOUSING SYSTEMS, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>CA-00-125 |

### DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Nationwide Housing Systems, Inc. ("Nationwide"), Defendant in the above-entitled and numbered cause, and, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and the Scheduling Order of July 7, 2000, files this its Unopposed Motion for Leave to File First Amended Answer, respectfully showing the Court as follows:

1. On March 27, 2000, Plaintiff Equal Employment Opportunity Commission filed its Complaint and Jury Trial Demand on behalf of James Stovall, alleging that Nationwide engaged in unlawful conduct under the Age Discrimination in Employment Act. Nationwide timely filed Defendant's Original Answer on June 2, 2000, specifically responding the allegations in the Complaint and asserting various affirmative defenses.

2. Plaintiff submitted its Initial Disclosures to Defendant on July 14, 2000. Plaintiff commensurately produced to Nationwide a copy of the investigative file compiled by the EEOC in connection with its processing of the underlying discrimination

DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER - Page 1

41

A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. CA-00-125 |
| v. | § § | |
| NATIONWIDE HOUSING SYSTEMS, INC., | § § § | |
| Defendant. | § | |

## DEFENDANT'S FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Nationwide Housing Systems, Inc. ("Nationwide"), Defendant in the above-entitled and numbered cause, and files this its First Amended Answer to Plaintiff's Complaint and Jury Trial Demand (the "Complaint"), respectfully stating as follows:

### NATURE OF ACTION

In response to the unnumbered paragraph immediately preceding Paragraph 1 of the Complaint, to the extent necessary, Nationwide denies the allegations therein and denies that Plaintiff is entitled to any of the relief sought in this action.

### JURISDICTION AND VENUE

1. Nationwide admits that Plaintiff purports to bring a cause of action pursuant to the statutory provisions cited in Paragraph 1 of the Complaint, but Nationwide denies that this suit is properly authorized or maintainable against it under any of the statutory provisions cited by Plaintiff.

2. Nationwide admits that the conduct upon which Plaintiff's claims are based allegedly occurred within the geographic jurisdiction of the Court.

DEFENDANT'S FIRST AMENDED ANSWER - Page 1

## PARTIES

3. Nationwide admits that Plaintiff purports to bring this action pursuant to the statutory provisions cited in Paragraph 3 of the Complaint but denies that this suit is properly authorized or maintainable against it under any of the statutory provisions cited by Plaintiff.

4. Nationwide admits that, during the period relevant to Plaintiff's claim, it was a Texas corporation with operations in the State of Texas and that it employed at least 20 employees. Except as specifically admitted herein, Nationwide denies the allegations in Paragraph 4 of the Complaint.

5. Nationwide admits that it is engaged in an industry affecting commerce within the meaning of the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

## CONCILIATION

6. Nationwide admits that the parties engaged in conciliation efforts but denies that it engaged in any unlawful employment practices.

## STATEMENT OF CLAIMS

7. Nationwide denies the allegations in Paragraph 7 of the Complaint.

8. Nationwide denies the allegations in Paragraph 8 of the Complaint.

9. Nationwide denies the allegations in Paragraph 9 of the Complaint.

10. Except as expressly admitted above, Nationwide denies each and every allegation in the Complaint and demands strict proof thereof.

DEFENDANT'S FIRST AMENDED ANSWER - Page 2

## PRAYER FOR RELIEF

Nationwide denies that Plaintiff is entitled to any of the relief sought under Paragraphs A-F of its Prayer for Relief.

## JURY TRIAL DEMAND

Plaintiff's demand for a jury trial requires no response by Nationwide.

## FIRST AFFIRMATIVE DEFENSES

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or administrative filing deadlines.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because James Stovall was not qualified for the position of General Manager.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because each action taken or decision made by Nationwide in relation to James Stovall was done to serve and in furtherance of legitimate, non-discriminatory business purposes and/or, if an improper motive played a part in any action taken or decision made by Nationwide in relation to Plaintiff, the same action or decision would have been taken or made without regard to such motive.

DEFENDANT'S FIRST AMENDED ANSWER - Page 3

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because James Stovall has failed to adequately mitigate damages as required by law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because Nationwide's actions were not willful within the meaning of the ADEA.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery based on the cause of action asserted in the Complaint because, as part of a settlement agreement, any and all claims against Nationwide related to the conduct referenced in the Complaint were waived and released.

WHEREFORE, PREMISES CONSIDERED, Defendant Nationwide Housing Systems, Inc. prays that Plaintiff take nothing upon final hearing or trial hereof; that this suit be dismissed on the merits with prejudice to the refiling of same; and that Nationwide be awarded its attorneys' fees and costs of court, together with such other and further relief, whether general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: William Ashcraft (with permission, Anita Alessandra)
William O. Ashcraft, Esq.
Attorney-in-Charge
Texas Bar No. 01372800
Southern District of Texas No. 11654
Anita M. Alessandra, Esq.
Texas Bar No. 00988000
Southern District of Texas No. 13936
R. Jeff Worth, Esq.
Texas Bar No. 00795732
(Admitted Pro Hac Vice)

DEFENDANT'S FIRST AMENDED ANSWER - Page 4

ASHCRAFT LAW FIRM
8750 N. Central Expressway
Suite 1070
Dallas, Texas  75231
Telephone: (214) 987-0660
Facsimile: (214) 987-3847

Tom M. Harrison, Esq.
Texas Bar No. 09122300
Southern District of Texas No. 1891
Roxana V. Shia, Esq.
Texas Bar No. 00785146
Southern District of Texas No. 15608
HORNBLOWER, MANNING & WARD, P.C.
711 North Carancahua, Suite 1810
Corpus Christi, Texas  78475
Telephone:  (361) 888-8041
Facsimile:  (361) 888-8222

ATTORNEYS FOR DEFENDANT
NATIONWIDE HOUSING SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's First Amended Answer was served by certified mail, return receipt requested, upon counsel of record for Plaintiff on this 24th day of October 2000, as follows:

R. Chris Pittard, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas  78229-3555

_____
Anita M. Alessandra

DEFENDANT'S FIRST AMENDED ANSWER - Page 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | CA-00-125 |
| NATIONWIDE HOUSING SYSTEMS, INC., | § § § | |
| Defendant. | § § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

CAME ON for consideration the Unopposed Motion for Leave to File First Amended Answer of Nationwide Housing Systems, Inc., Defendant in the above-entitled and numbered cause, and the Court, after reviewing the Motion, the Amended Answer, and the other pleadings and papers on file in this action, is of the opinion that said Motion is well-taken. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendant's Unopposed Motion for Leave to File First Amended Answer is in all things granted. It is further

ORDERED, ADJUDGED and DECREED that the First Amended Answer of Defendant Nationwide Housing Systems, Inc. to Plaintiff's Complaint and Jury Trial Demand shall be filed among the other papers in this cause without further action on the part of Defendant.

SIGNED on this the _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER - Solo Page